*E-FILED - 9/30/09*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JERRY G. DELAROSA, | ) | No. C 08-5280 RMW (PR) |
|         Petitioner, | )<br>) | ORDER GRANTING MOTION TO |
| vs. | ) | DISMISS HABEAS CORPUS PETITION AS UNTIMELY |
| M. MARTELL, Warden, | )<br>) | (Docket No. 4) |
|         Respondent. | )<br>) | |

Petitioner, a California prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court ordered respondent to show cause why the petition should not be granted. Respondent moved to dismiss the petition as untimely. Petitioner filed an opposition. Respondent filed a reply. Having reviewed the papers and the underlying record, the court concludes that petitioner's habeas petition is untimely, GRANTS respondent's motion to dismiss and DISMISSES the petition.

**BACKGROUND**

According to the petition, petitioner was convicted by plea of aggravated assault of a child under 14 and 10 or more years younger than him (Cal. Penal Code § 269) and of child molestation (Cal. Penal Code § 288) in Santa Clara County Superior Court. (Pet. at 2.) On May 19, 2005, the trial court sentenced petitioner to 30 years to life in prison. (Id. at 2.) Petitioner did not appeal. (Id. at 3.)

On July 24, 2006, petitioner moved for relief from default in the California Court of Appeal. (Mot., Ex. 1.) The court denied the motion on September 22, 2006. (Id.)

Order Granting Motion to Dismiss Habeas Corpus Petition as Untimely
P:\PRO-SE\SJ.Rmw\HC.08\Delarosa280mtd.wpd

On March 27, 2007, petitioner filed a habeas petition in the Santa Clara County Superior Court. (Id., Ex. 2.) The court denied the petition on April 18, 2007. (Id., Ex. 3.)

On June 5, 2007, petitioner filed a second habeas petition in the Santa Clara County Superior Court. (Id., Ex. 4.) The court denied the petition on July 31, 2007. (Id., Ex. 5.) On October 24, 2007, petitioner filed a habeas petition in the California Court of Appeal. (Id., Ex. 6.) The court denied the petition on November 8, 2007. (Id.) On March 14, 2008, petitioner filed a habeas petition in the California Supreme Court. (Id., Ex. 7.) The court denied the petition on August 27, 2008. (Id., Ex. 8.)

On November 6, 2008, petitioner filed the instant federal habeas petition.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on April 24, 1996 and imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. Id. § 2244(d)(2).

If a petitioner could have sought review by the state court of appeals or the state supreme court, but did not, the limitation period will begin running against him the day after the date on which the time to seek such review expired. See Smith v. Duncan, 297 F.3d 809, 812-13 (9th Cir. 2002).

Here, petitioner was sentenced on May 19, 2005. His conviction became final on July 18, 2005, after he failed to seek leave to appeal within the 60-day period for direct review. See Cal. R. Ct. 8.308(a); Smith, 297 F.3d at 812-13. Thus, pursuant to 28 U.S.C.

Order Granting Motion to Dismiss Habeas Corpus Petition as Untimely
P:\PRO-SE\SJ.Rmw\HC.08\Delarosa280mtd.wpd           2

§ 2244(d)(1)(A), AEDPA's one-year limitation period began to run on that date, and expired one year later, on July 18, 2006.  See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).  The instant petition was filed over two years later, on November 6, 2008.  See Houston v. Lack, 487 U.S. 266, 276 (1988).  Thus, absent tolling the instant petition is untimely.

The one-year statute of limitations is tolled under § 2244(d)(2) for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).  Here, petitioner's first state post-conviction pleading was a motion for relief from default for failure to file a timely notice of appeal in the California Court of Appeal.  (Mot., Ex. 1.)  That motion was filed on July 24, 2006, six days after the AEDPA limitations period had expired.  A state motion for postconviction relief filed after AEDPA's statute of limitations ended cannot toll the limitations period.  Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003).  Therefore, statutory tolling cannot render the federal habeas petition timely.

Because statutory tolling does not render the petition timely, only equitable tolling may render it timely.  The Supreme Court has "never squarely addressed the question whether equitable tolling is applicable to AEDPA's statute of limitations," Pace v. DiGuglielmo, 544 U.S. 408, 418 n.8 (2005), but Ninth Circuit authority holds that the one-year limitation period may be equitably tolled because § 2244(d) is a statute of limitations and not a jurisdictional bar.  Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), overruled in part on other grounds by Calderon v. United States District Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc).  Equitable tolling will not be available in most cases because extensions of time should be granted only if "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time."  Id. (citation and internal quotation marks omitted).

The Ninth Circuit has held that the petitioner bears the burden of showing that this "extraordinary exclusion" should apply to him.  Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002).  The petitioner must establish two elements in order to be granted equitable tolling: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary

circumstance stood in his way." Rasberry v. Garcia, 448 F.3d 1150, 1153 (9th Cir. 2006) (quoting Pace, 544 U.S. at 419); see Pace, 544 U.S. at 419 (petitioner's lack of diligence in filing timely state and federal petitions precluded equitable tolling); Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999) ("When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate."). The prisoner also must show that "the 'extraordinary circumstances' were the cause of his untimeliness." Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) (citations omitted). Where a prisoner fails to show "any causal connection" between the grounds upon which he asserts a right to equitable tolling and his inability to timely file a federal habeas application, the equitable tolling claim will be denied. Gaston v. Palmer, 417 F.3d 1030, 1034-35 (9th Cir. 2005).

Petitioner appears to claim that because his trial lawyer failed to file a timely notice of appeal, he should be entitled to equitable tolling.[1] Petitioner states that he would have appealed his state court conviction in a timely manner he had not relied on his counsel's unkept promise to file the appeal. After petitioner was sentenced on May 19, 2005, he assumed counsel was going to file a notice of appeal. After receiving no status updates, in March 2006, petitioner contacted the Central California Appellate Program to ask about his case. Subsequently, on July 24, 2006, petitioner, through counsel, filed a motion for relief from default with the California Court of Appeal.

In noncapital cases, an attorney's negligence in general does not constitute an extraordinary circumstance sufficient to warrant equitable tolling. Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001). However, where the attorney's conduct is sufficiently egregious, as opposed to merely negligent, equitable tolling may be appropriate. See Spitsyn v. Moore, 345 F.3d 796, 800-01 (9th Cir. 2003). Attorney malfeasance standing alone, however, does not warrant equitable tolling. Id. The prisoner must demonstrate reasonable diligence to get the benefit of equitable tolling in circumstances evidencing attorney misconduct. See

---

[1] The court notes that petitioner makes no coherent argument in support of equitable tolling, however, in light of petitioner's pro se status, the court will construe both his petition and opposition to the motion to dismiss liberally to include an equitable tolling argument.

Order Granting Motion to Dismiss Habeas Corpus Petition as Untimely
P:\PRO-SE\SJ.Rmw\HC.08\Delarosa280mtd.wpd                4

Brambles v. Duncan, 330 F.3d 1197, 1204 (9th Cir.), amended, 342 F.3d 898 (9th Cir. 2003); see also Welch v. Carey, 350 F.3d 1079, 1083 (9th Cir. 2003) (en banc) ("[t]olling accommodates effort, not inaction").

Further, the Ninth Circuit recently stated that counsel's failure to perfect a timely notice of appeal from a conviction, without more, is not an "extraordinary circumstance" warranting equitable tolling and has "little to no bearing on [petitioner's] ability to file a timely federal habeas petition." Randle v. Crawford, 2009 WL 2591674, *9 (9th Cir. Aug. 25, 2009). "Counsel's failure to perfect an appeal simply meant that [petitioner] had one year from the expiration of his time to file a notice of appeal in which to initiate a federal habeas action -- it did not prevent him from filing the petition." Id.

Similarly here, even assuming that counsel promised to file a notice of appeal, petitioner does not allege that counsel's negligence *prevented* petitioner from filing his federal habeas petition on time or that such failure was the *cause* of his late federal filing. See Gaston, 417 F.3d at 1034-35. Further, petitioner has not demonstrated that he was diligent about pursuing his rights as he waited approximately ten months after his sentencing before seeking information on the status of his case. See Rasberry, 448 F.3d at 1153.

As the petition was filed over two years after the limitation period expired, and there is no basis for delaying the commencement of the limitation period or for statutory or equitable tolling, the instant petition must be dismissed as untimely under 28 U.S.C. § 2244(d)(1).

## CONCLUSION

For the foregoing reasons, respondent's motion to dismiss the petition as untimely (docket no. 4) is GRANTED. The clerk shall enter judgment in favor of respondent and close the file.

IT IS SO ORDERED.

DATED:  9/29/09

_____
RONALD M WHYTE
United States District Judge